```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```

ELSIE ESTEFANIA,

                    Plaintiff,

                                                                **OPINION & ORDER**
          -against-                                      CV-03-3305(SJF)(LB)

ANTHONY LA MARCO, ATLANTIC EXPRESS
TRANSPORTATION CORP. and LOCAL 1181,
AMALGAMATED TRANSIT UNION, AFL-CIO,

                    Defendants.
```
----------------------------------------------------------X
```
FEUERSTEIN, J.

      Elsie Estefania (plaintiff) commenced this employment discrimination action on July 1, 2003 against defendants Anthony LaMarco (LaMarco), Atlantic Express Transportation Corp. (Atlantic Express)(collectively, the Atlantic Express defendants), and Local 1181, Amalgamated Transit Union, AFL-CIO (the union), alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* (ADA). By order dated March 31, 2005, I granted defendants' respective motions to dismiss, dismissed the complaint in its entirety as against the union and dismissed plaintiff's disability and sexual orientation discrimination claims against the Atlantic Express defendants. Plaintiff's gender discrimination and retaliation claims against the Atlantic Express defendants remained. This action was referred to Magistrate Judge Lois Bloom for all pretrial purposes. By Report and Recommendation dated December 19, 2005 (the Report), Magistrate Judge Bloom recommended that the remaining claims against the Atlantic Express defendants be dismissed pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure for plaintiff's failure to appear for two conferences. No objections have been filed to the Report.

For the reasons stated herein, the Court adopts Magistrate Judge Bloom's Report in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). The district judge is not required to review the factual or legal conclusions of the magistrate judge as to which no objections are taken. See, Townsend v. Strack, 98 CV 5338, 2002 WL 32096572 (E.D.N.Y. May 7, 2002). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); In re Health Management Systems, Inc. Securities Litigation, 82 F.Supp.2d 227, 230 (S.D.N.Y. 2000); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

II

Plaintiff has not filed any objections to Magistrate Judge Bloom's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court affirms and adopts Magistrate Judge Bloom's Report as an Order of the Court and dismisses the

complaint in its entirety pursuant to Rules 16(f) and 37(b)(2)(C). The clerk of the Court is directed to close this case.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 13, 2006
Central Islip, New York

Copies to:

ELSIE ESTEFANIA, *pro se*
89-09 120th Street
Richmond Hill, New York 11418

MINTZ & GOLD, LLP
444 Park Avenue South
New York, New York 10016