UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ELSIE ESTEFANIE,

         Plaintiff,       **ORDER**
                        CV-03-3305 (SJF)
-against-

ANTHONY LA MARCO, ATLANTIC EXPRESS
TRANSPORTATION CORP. and LOCAL 1181,
AMALGAMATED TRANSIT UNION, AFL-CIO,

         Defendants.
----------------------------------------------------------------x
FEUERSTEIN, J.

I. Introduction

By Opinion and Order dated March 13, 2006, the Court dismissed the instant employment discrimination action and on March 24, 2006, judgment was entered. On April 25, 2006, plaintiff's notice of appeal was filed. By mandate dated September 11, 2006, the United States Court of Appeals for the Second Circuit dismissed the appeal as untimely and remanded the case "to the district court for a determination on appellant's request in her notice of appeal for an extension of time to file a notice of appeal under Fed. R. App. 4(a)(5)."

II. Discussion

The time to file a notice of appeal expires 30 days from the date the judgment is entered on the court's docket. See Fed. R. App. P. 4(a)(1). "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). Compliance with Rule 4(a) is "mandatory and jurisdictional." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 363 (2d Cir. 2003) (citation omitted). The power to extend this time limitation "is severely circumscribed." Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir. 1997).

The judgment was entered on March 24, 2006 and plaintiff filed her notice of appeal on April 25, 2006. The Second Circuit determined *sua sponte* that the notice of appeal was not timely filed under Fed. R. App. P. 4(a)(1), since it was filed one day after the 30-day period for filing the notice of appeal had expired. The notice of appeal also included a handwritten notation seeking an extension. As such, plaintiff filed her "motion" within the time required to obtain an extension under Fed. R. App. P. 4(a)(5)(A). However, the motion is denied because plaintiff has not made a showing of excusable neglect or good cause for filing the late notice of appeal. Plaintiff failed to file a timely notice of appeal, failed to appear at two court conferences, failed to contact the court and failed to object to the Magistrate Judge's Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 155 (1985). Although plaintiff states that she "never received appointment for court date," she does not provide any basis for extending the time to file the appeal.

III. Conclusion

Plaintiff's motion to extend the time to file the appeal pursuant to Fed. R. App. P. 4(a)(5) is denied.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 31, 2006
Central Islip, New York

Copies to:
ELSIE ESTEFANIE, *pro se*
89-09 120th Street
Richmond Hill, NY 11418

MINTZ & GOLD, LLP
444 Park Avenue South
New York, NY 10016